IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PATRICK ANTHONY MARTINEZ,

   Plaintiff,       No. CIV S-96-1227 JAM DAD P

 vs.

W.A. MERKLE, et al.,

   Defendants.     FINDINGS AND RECOMMENDATIONS

     On May 16, 2011, plaintiff filed a motion seeking to reopen this civil rights action which the court had closed over ten years ago, on October 25, 2000. (See Doc. Nos. 223 & 224.) At that time the assigned District Judge granted defendants' motion for summary judgment after plaintiff repeatedly failed to comply with the court orders requiring him to file his opposition to that motion. (See Doc. No. 222.)

     In his pending motion to reopen, plaintiff contends that: he "overcame defendants' dismissal and summary judgment motions;" "became incapacitated due to seizure disorder;" "his legal materials and documents were lost by defendants;" and defendants withheld his legal property from January 6 to June 10, 2009 at High Desert State Prison. (Doc. No. 225 at 2.) Plaintiff has not provided any documentation or other evidence in support of his contentions.

/////

1         Rule 60(b) of the Federal Rules of Civil Procedure provides in relevant part:

> On motion and upon such terms as are just, the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons:  (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied . . .; or (6) any other reason justifying relief from the operation of the judgment.  The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order or proceeding was entered or taken.

See also Gonzales v. Crosby, 545 U.S. 524, 528 (2005) ("Rule 60(b) allows a party to seek relief from a final judgment, and request re-opening of his case, under a limited set of circumstances including fraud, mistake, and newly discovered evidence.")  The plaintiff bears the burden of proof on a motion for relief from judgment pursuant to Rule 60(b), and such motions are addressed to the sound discretion of the district court.  See Allmerica Financial Life Ins. and Annuity Co. v. Llewellyn, 139 F.3d 664, 665 (9th Cir. 1997); Yusov v. Yusuf, 892 F.2d 784, 787 (9th Cir. 1989); Thompson v. Housing Auth. of Los Angeles, 782 F.2d 829, 832 (9th Cir. 1986).

        First, in this case as to those possible grounds for relief that must be raised no more than a year after entry of judgment – mistake, inadvertence, surprise, excusable neglect, newly discovered evidence, and fraud – plaintiff's motion was not filed within a year after judgment was entered on October 25, 2000.  See Fed. R. Civ. P. 60(b)(1), (2), & 3.  As to possible grounds for relief that must be raised within a reasonable time after judgment was entered – the judgment is void; the judgment has been satisfied, released, or discharged; and "any other reason that justifies relief" – plaintiff has not alleged facts that support any of those grounds for relief.  Moreover, ten and one half years after entry of judgment is not a reasonable time within which to raise such grounds for relief from judgment.  See Fed. R. Civ. P. 60(b)(4), (5), & (6).

/////

In the complete absence of any showing that plaintiff is entitled to relief from the judgment entered on October 25, 2000, the court should exercise its discretion to deny plaintiff's request to reopen this case.

Accordingly, IT IS RECOMMENDED that plaintiff's May 16, 2011 motion to reopen this case (Doc. No. 225) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these findings and recommendations, plaintiff may file written objections with the court. A document containing objections should be titled "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).[1]

DATED: February 15, 2012.

/s/ Dale A. Drozd
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
mart1227.60b

---

[1] Plaintiff is also advised that should these findings and recommendations be adopted by the assigned District Judge, any further documents filed in this closed case thereafter will be disregarded and no orders will issue in response to future filings.